Jtw:03.15.19
MAG: 2019R00195

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. GLR-19-0128 |
| v. | * | |
| | * | (Conspiracy to Distribute and Possess |
| APRIL WILKES, | * | with the Intent to Distribute Controlled |
| | * | Dangerous Substances, 21 U.S.C. § 846; |
| Defendant | * | Possession with Intent to Distribute |
| | * | Controlled Dangerous Substances, 21 |
| | * | U.S.C. § 841(a) & (b); Aiding and |
| | * | Abetting, 18 U.S.C. § 2; Forfeiture, 21 |
| | * | U.S.C. § 853) |
| | * | |
| | * | |

*******

### INDICTMENT

### COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Dangerous Substances)**

The Grand Jury for the District of Maryland charges:

From on or about February 24, 2018 and continuing until on or about May 14, 2018, in the District of Maryland and elsewhere, the defendant,

**APRIL WILKES,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to distribute and possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; a mixture or substance containing a detectible amount of cocaine, a Schedule II controlled substance; and a mixture or substance containing a detectible amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 846

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)
18 U.S.C. § 2

## FORFEITURE

The Grand Jury for the District of Maryland further charges:

1. Pursuant to Fed. R. Crim. P. 32.2 and Title 21, United States Code, Section 853, upon conviction of one or more of the controlled substance offenses alleged in Count One of this Indictment, the Defendant,

## APRIL WILKES

shall forfeit to the United States of America:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation; and,

    b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such violation.

2. The property to be forfeited includes, but is not limited to, the following:

    c. At least $4,476.50, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges, and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

3. Pursuant to Title 21, United States Code, Section 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendants up to the value of the property charged with forfeiture in the paragraphs above, which amount is no less than $4,476.50.

21 U.S.C. § 853
28 U.S.C. § 2461(c)
Rule 32.2(a), Fed. R. Crim. P.

*Robert K. Hur* /MAG
Robert K. Hur
United States Attorney

A TRUE BILL

**SIGNATURE REDACTED**

Foreperson

Date: 3-19-19